IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

MARK C. JACKSON,

    Plaintiff,

v.                                          Case No. 1:12-cv-66-MP-GRJ

HARTFORD LIFE AND
ACCIDENT INSURANCE COMPANY,

    Defendant.

_____/

## O R D E R

Pending before the Court is Plaintiff's Motion For CM/ECF System Account. (Doc. 7.)  Plaintiff, proceeding *pro se*, requests that the Court instruct the Clerk to create an account in the Court's CM/ECF electronic docketing system for Plaintiff's use in this case.  According to Plaintiff, he will have access to the hardware and software necessary to utilize CM/ECF on or about the 15th of each month and granting his motion will reduce the cost of litigating this case.  Defendant has filed a response to the Plaintiff's motion advising the Court it does not consent to Plaintiff's request if Plaintiff can only access CM/ECF once a month, but does consent to the motion if Plaintiff can access the system on any business day.  (Doc. 8.)

N.D. Fla. Loc. R. 5.1(A)(1) provides in pertinent part that "[a]ll documents in civil and criminal cases shall be filed by electronic means, except that documents in cases filed pro se (prisoner and non-prisoner) . . . shall continue to be filed in paper form" and that "[a] judicial officer may grant other exceptions for good cause."  In this case, it appears Plaintiff will only have access to CM/ECF one day per month.  This does not constitute good cause to grant an exception to the rule in N.D. Fla. Loc. R. 5.1(A)(1) that *pro se* parties file documents in paper form.

Accordingly, upon due consideration, it is **ORDERED**:

Plaintiff's Motion For CM/ECF System Account (Doc. 7) is **DENIED.**

**DONE AND ORDERED** this 16th day of April 2012.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge